ANNA MILLER SMITH

*v.*

DANIEL SMITH et al.

[Decided February 15th, 1907.]

Under *Gen. Stat. p. 1938 § 1*, providing that where no time is fixed by a will within which legacies are to be paid, the executors have one year after probate in which to make payment, where an order of the orphans court admitting a will to probate was suspended by appeals, the executor had one year from the day certified copies of the decrees of the appellate courts were filed with the surrogate and probate adjudged by him within which to pay the legacies.

On petition for payment of legacy.

*Mr. Townsend Godfrey,* for the petitioner.

*Messrs. Gaskill & Gaskill,* for the respondents.

LEAMING, V. C.

I entertain the view that the executors of the estate of Philip M. Wheaton, deceased, have one year, from May 16th, 1906, in which to pay legacies.

The order made by the orphans court, June 8th, 1904, admitting the will to probate, was suspended by the appeals to the pre-

rogative court and the court of errors and appeals. *Brown* v. *Ryder, 42 N. J. Eq. (15 Stew.) 356.* Operative probate was not effected until the termination of these appeals. May 16th, 1906, certified copies of the decrees of the appellate courts were filed with the surrogate of Cape May county, and probate was on that date adjudged by the surrogate upon proofs made before him by the subscribing witnesses to the will, and letters were then issued. Under *Gen. Stat. p. 1938 § 1,* the executors are entitled to one year from that date in which to make payment of legacies, where no time is fixed by the will within which such legacies are to be paid. Should the inoperative order of probate made by the orphans court be held to be the probate contemplated by this statute, these executors would have been subjected to actions for all legacies the day after their appointment.

The prayer of the petition must be denied. The petition will be held until the expiration of the year, when the application may be renewed.

No costs will be taxed.